RELATED DDJ
FILED

Tito A. Thomas
P.O. BOX 1814
Hawthorne, CA 90251
NO PHONE

2018 FEB -7 PM 1: 43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CAL.
LOS ANGELES
BY:_____

Tito A. Thomas, Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

LA **CV18-01039-JLS(RAO)**
CASE NO.

TITO A THOMAS, THOMAS FAMILY
          Plaintiffs

     vs.

County
~~CITY~~ OF LOS ANGELES;
Escalante #448006, Detective and
Luis Ochoa Jr. #617937 Deputy
Sheriff; Salvatore #522456, Mareua
273546, Jose Rojas#437727 Detective
AND#UNKNOWN DOES 1-10
INCLUSIVE,

          Defendants

COMPLAINT FOR DAMAGES:
(1) DEPRIVATION OF CIVIL
RIGHTS, 42 U.S.C., § 1983,
BRADY VIOLATIONS;

(2) JOINT ACTION/CONSPIRACY
TO VIOLATE CIVIL RIGHTS, 42
U.S.C., § 1983 BRADY
VIOLATIONS;

(3) DEPRIVATION OF CIVIL
RIGHTS, 42 U.S.C., § 1983,
DELIBERATE INDIFFERENCE TO
CONSTITUTIONAL RIGHT IN
REFUSAL TO INVESTIGATE
EVIDENCE DEMONSTRATING MR.
THOMAS'S INNOCENCE;

(4) DEPRIVATION OF CIVIL
RIGHTS, 42 U.S.C., § 1983,
FALSE EVIDENCE VIOLATIONS;

(5) JOI)NT ACTION/CONSPIRACY
TO VIOLATE CIVIL RIGHTS, 42
U.S.C., § 1983, FALSE EVIDENCE
VIOLATION;

(6) DEPRIVATION OF CIVIL
RIGHTS, 42 U.S.C., § 1983,
SUPERVISORIAL LIABILITY;

- 1 -
PLAINTIFFS' COMPLAINT

)
) (7) DEPRIVATION OF CIVIL
) RIGHTS, 42 U.S.C., § 1983,
) VIOLATION OF FOURTEENTH
) AMENDMENT RIGHTS;
)
) (8) DEPRIVATION OF CIVIL
) RIGHTS, 42 U.S.C., § 1983,
) MONELL VIOLATIONS PLAINTIFFS'
)
)

- 2 -
PLAINTIFFS' COMPLAINT

Plaintiffs Tito A. Thomas as follows:

## INTRODUCTION

1. This case arises from the wrongful imprisonment and victimization of Tito A. Thomas and his Family by Los Angeles Sheriff's Department detective Escalante #448006 and other Sheriff's. Thomas and his Family bring this civil action For damages to hold Deputy Luis Ochoa Jr. #617937 accountable for his violations of Their constitutional rights and to obtain compensation for 1 years of their lives lost Because of Defendants' actions and omissions. Others may be responsible for Tito A. Thomas's wrongful conviction and imprisonment and if discovery reveals such other Persons, Plaintiffs will amend their complaint to add them as defendants.

2. In 2016 Tito A. Thomas was wrongfully convicted. On June 21, 2016, Was assaulted by a guy at National University campus where Tito A. Thomas was A student. And false testimony of a single witness, Deputy Luis Ochoa Jr. #617937, a Escalante #448006 knew was unreliable. As ultimately acknowledged by the Court in 2018, Tito A. Thomas is factually innocent of this crime. Tito A. Thomas Spent 1years incarcerated for a crime he did not commit and had absolutely nothing to Do with Mark Anthony Sarno. Mark Anthony Sarno call Tito A. Thomas a Nigger and Said that his people are animals.

3. The architect of this injustice is Sheriff's detective Escalante #448006. Escalante #448006 intentionally turned his back on investigating what happen on June 21, 2016 actually involved in the hate crime, order to convict Thomas based solely on The word of a rookie Sheriff, Deputy Luis Ochoa Jr. #617937 witness Escalante #448006 knew lacked all credibility. Defendant Escalante #448006 knew that no jury Would have believed Mr. Thomas's testimony if the jury knew about even some of the Evidence demonstrating Thomas's lack of credibility and for that reason suppressed Impeaching evidence of Deputy Luis Ochoa Jr. #617937 so that his testimony would Be believed by an unsuspecting jury.

4. Indeed, even detective Escalante #448006, a Sheriff's detective, knew Deputy Luis Ochoa Jr. #617937. Thomas calls and talks with Michael A. Modica 275857 On September 14, 2016 about what happen at National University campus and Told the Michael A. Modica 275857 that Mark Anthony Sarno pathological liar and Informed Michael A. Modica 275857 of this long before Thomas Preliminary Hearing on September 23, 2016 and perhaps even before Thomas was arrested. All of The information detective Escalante #448006 and other Sheriff's detectives possessed Showing Deputy Luis Ochoa Jr. #617937 to be unworthy of belief was suppressed and Not provided to Thomas's Lawyers in violation of Thomas's fundamental Constitutional obligations. Instead of Revealing this information, detective Escalante #448006 convinced prosecutors to build their entire case against Mr. Thomas on

- 4 -
PLAINTIFFS' COMPLAINT

Deputy Luis Ochoa Jr. #617937 false Testimony that Deputy Luis Ochoa Jr. #617937 Tito A. Thomas to Playing a role in the Assault on Mark Anthony Sarno. Deputy Luis Ochoa Jr. #617937 he did this even though there was no physical Or other evidence connecting Mr. Thomas to this crime whatsoever.

5. Detective Escalante #448006 was also wilfully blind to all the evidence, Readily available to him as a law enforcement officer, demonstrating that Mark Anthony Sarno was a pathological liar and a person who repeatedly made false Allegations on Thomas to law enforcement authorities and National University, Public Defender investigator Galen Murakawa. Had Escalante #448006 conducted any Minimally competent, honest investigation into Mark Anthony Sarno's background he Would have Discovered, if he did not in fact know already, that no reasonable detective Would rely On Deputy Luis Ochoa Jr. #617937 preliminary hearing /testimony in this Criminal case.

6. On June 21, 2016, Defendant Escalante #448006 arrested Tito Thomas For the Assaulted at National University Campus based entirely on Mark Anthony Sarno's false statements. Escalante #448006 public "take down" of Mr. Thomas at In front of Sheriff's Station right in front of other people in the lobby. In order to Inflict the maximum humiliation and emotional distress he cost to Mr. Thomas and His family. Detective Escalante #448006 orchestrated Mr. Thomas's 2016 wrongful Conviction for Assault that happen at National University Campus/Robbery 211

PLAINTIFFS' COMPLAINT

Pc/F/047 testimony of Deputy Luis Ochoa Jr. #617937, a well-known rookie deputy He knew could not be trusted to give truthful testimony. In doing so, Defendant Detective Escalante #448006 and. as yet unknown Sheriff's acted with deliberate Indifference to Plaintiffs 'constitutional rights. Mr. Thomas was sent to Jail for 1 Year Based on the now discredited testimony of this one false witness, false testimony To Law enforcement officers in Southern California. There was never any other Evidence Connecting Thomas to this crime. For all of this Defendant Detective Escalante #448006 should be punished with an award of punitive damages Commensurate with The outrageous and ongoing violation of Tito's Thomas's for 1year.

7. During his one year incarceration, Mr. Thomas adamantly Maintained his innocence and did all he could to challenge his wrongful conviction. During this time, Detective Escalante #448006, and others in the Sheriff's, continued To Suppress evidence that would have enabled Mr. Thomas to win his freedom and Failed to provide any such evidence to Mr. Thomas or his lawyers or representatives. Finally, in March 2018 set for an appeal Mr. Thomas's case and discovered the Perjured testimony and suppression of material evidence that led to this miscarriage of justice.

PLAINTIFFS' COMPLAINT

## JURISDICTION AND VENUE

8.    This action is brought by Plaintiffs pursuant to 42 U.S.C. § 1983 for Violations of his constitutional rights arising out of Tito Thomas's wrongful Conviction and incarceration for a 1 years.

9.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 And 1343(4) as this cases arises under the Constitution and laws of the United States.

10.    The acts and omissions complained of occurred within the Central District of California; therefore, venue lies in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

11.    Plaintiff Tito Thomas is a resident of the County of Los Angeles. He brings this action to obtain compensation for the injuries he suffered because Of his 1 year of wrongful incarceration.

12.        14. At all times relevant herein, Defendant Detective Escalante #448006, Was employed by and working on behalf of the Los Angeles Sheriffs, and resided Within the state of California. In his capacity as a Sheriff detective, he was one of The lead detectives in charge of the investigation of the fight at National University Campus. Defendant Escalante #448006 is the detective primarily responsible for Orchestrating the wrongful conviction of Tito Thomas by knowingly using the

PLAINTIFFS' COMPLAINT

Perjured testimony of Deputy Luis Ochoa Jr. #617937.  Escalante #448006 to convict Thomas and by suppressing essential information impeaching Mark Anthony Sarno's credibility and failing to investigate obvious and available information that Would have further undermined Mark Anthony Sarno's credibility beyond question. Escalante #448006 actively suppressed evidence of the involvement of a third party, Unknown, at National University Campus. So that impeaching Mark Anthony Sarno could be used as a witness in this case. Defendant Escalante #448006 is Sued in his individual capacity.

13.    at all times relevant herein, Defendant Jose Rojas #437727 was Employed by and working on behalf of the Los Angeles Sheriffs. Defendant Jose Rojas #437727 was/is Defendant's Escalante's #448006 supervisors at the Los Angeles Sheriffs and in that capacity he actively participated in the investigation Resulting in the Prosecution and wrongful conviction of Mr. Thomas. On information And belief, Defendant Escalante's #448006   was actively involved in the suppression Of Brady Material and in the use of false evidence to convict Tito Thomas. Defendant Jose Rojas #437727 is sued in his individual capacity.

14.      Defendant City of Los Angeles is a public entity, organized and Existing under the laws of the State of California. The Los Angeles Sheriffs Department is an agency of the City of Los Angeles. The City of Los Angeles is

PLAINTIFFS' COMPLAINT

Sued because its policies or customs were responsible in whole or in part for the Constitutional violations suffered by plaintiffs as alleged herein.

15.    Plaintiffs are informed and believe and thereon allege that Defendants sued herein Does 1 through 10, inclusive, were employees of the Los Angeles Sheriff Department, and were at all times relevant times acting in the Course and scope of their employment and agency. Each of the Defendants was Involved in a conspiracy to wrongfully convict Tito Thomas for the Mark Anthony Sarno's of Robbery. Each Defendant is the agent of the other. Plaintiffs allege that Each of the Defendants names as a "Doe" was in some manner responsible for the acts And omission alleged herein, and Plaintiffs will seek leave of this Court to amend the Complaint to allege such names and responsibilities when that information is Ascertained. In particular, Plaintiff lacks information on the role of County Employees or officers who may have conspired with Defendant Escalante's #448006 To secure Thomas's wrongful conviction.

16.    Plaintiff is informed and believes, and thereon alleges, that, at all Times herein mentioned, each of the Defendants was the agent and/or employee And/or co-conspirator of each of the remaining Defendants, and in doing the things Hereinafter alleged, was acting within the scope of such agency, employment And/or conspiracy, and with the permission and consent of the other co-defendants.

17.    Each paragraph of this Complaint is expressly incorporated into each

PLAINTIFFS' COMPLAINT

Cause of action which is a part of this Complaint.

18.    The acts and omission of all Defendants were engaged in maliciously, Callously, oppressively, wantonly, recklessly, and with deliberate indifference to The rights of Plaintiffs.

## FACTUAL ALLEGATIONS

**A.    BACKGROUND**

19.  This claim arises from the investigation, prosecution, conviction, and Incarceration of Tito Thomas, for a crime that he did not commit. He is only Forty-two years old when he was arrested. He was going to National University Working on Bachelor of Arts degree, and had a job when he was assaulted by Mark Anthony Sarno, when he was arrested. Mark Anthony Sarno call Mr. Thomas a Nigger and said that his people are animal. Mr. Thomas was in custody for one year, From his arrest on June 21, 2016, and his release on April 10, 2017.  Mr. Thomas Served One year in custody in Los Angeles Men's Jail Downtown, Los Angeles Sheriffs Jail and was therefore subject to the severe limitations and indignities. Mr. Thomas Was subject to even more restrictions and fewer opportunities while in Jail. Mr. Thomas Experienced the fear and anxiety of being imprisoned with the State's Most serious and violent offenders. He conditions of confinement made it impossible To continue Normal Communications with his family members. No physical contact With any of his family for a year.

20.    Most fundamentally, Thomas lost crucial one year away from his normal Life and family, in particular, and his career. He was prevented from Sharing the daily pleasures of everyday life with them and they were denied those Pleasures as well. He attended no sporting events or school activities. He could not go to church with his family or assist in their education and Religious life. He could not attend weddings or any other special occasions. He Cried himself to sleep each night begging God to reunite him with his family.

21.    In addition, Mr. Thomas had the most productive one year of his life Wrongfully taken from his and now finds himself searching for a way to support Himself at a time when most members of the community at his age own their home. Because of Defendants' actions and omissions Mr. Thomas loss his career and home.

22.    Mr. Thomas's resilience and knowledge that he was innocent and his Faith in God allowed him to survive while in Jail, but the best year  of his life were Taken from him based on the unconstitutional acts of officers of the Los Angeles County Sheriff's Department.

## B.    THE CRIME

23.    On June 21, 2016, Tito A. Thomas was brutally assaulted, without Provocation or the chance to defend himself, at National University Campus By two Men they both don't say who they was. Later I found out that one was Mark Anthony Sarno that work for Kota Commercial Assets, LLC by Staff Attorney Pablo Fabian at

PLAINTIFFS' COMPLAINT

National University System. Mark Anthony Sarno lies and said I took his phone to Cover-up assaulted on Tito A. Thomas. This happen at 5245 Pacific Concourse Dr. #100, Los Angeles, CA 90045 Defendant detective Escalante #448006 was assigned to This case from the beginning as the lead detective.

## C.  INVESTIGATION

24.     On June 22, 2016 Defendant detective Escalante #448006 had not went Over to National University like Deputy Luis Ochoa Jr. #617937 said at preliminary Hearing on September 23, 2016 and talk with Molly Yardley. They got picture of me From a person acting as Molly Yardley and Deputy Luis Ochoa Jr. #617937 lie in Court at the preliminary hearing on September 23, 2016. Were based explicitly on Defendant detective Escalante's #448006 opinions. Detective Escalante's #448006 Conducted extensive interviews of all the occupants at National University though no Record or transcripts of these interviews were ever made. Defendant Detective Escalante's #448006 took no notes of this critical encounter apart from a cryptic note Stating: "Rec'd call from Mark Anthony Sarno. States he work at National University In Los Angeles these facts were readily available to Defendant Detective Escalante's #448006  Mark Anthony Sarno works for Kota Commercial Assets, LLC. 136 El Camino Drive Beverly Hills, CA 90212 for 5 years that what Kurt Bierschenk that Works for him as a mechanical engineer.

## D.    SUPERIOR COURT PROCEEDINGS

25.    In presenting the case to the District Attorney, for filing, and at all Other times, Defendant Detective Escalante's #448006 did not provide any Information About the unreliability of Mark Anthony Sarno as a witness to the Prosecution or the Defense.  Instead, Defendant Detective Escalante's #448006 Insisted on Sarno's Credibility and on her certainty that Tito A. Thomas had Committed this crime with Ghost and Wicked.

26.    Mr. Thomas's trial proceeded in September 23, 2016 for the Sarno Robbery.  Mark Anthony Sarno was the sole witness against Tito A. Thomas. Moreover, Deputy Luis Ochoa Jr. #617937 version of Thomas's fabricated confession Was even more elaborate and explosive than he initial statements to Defendant Detective Escalante's #448006 in June 22, 2016. Deputy Luis Ochoa Jr. #617937 now Testified that Thomas told him that he took the Samsung Galaxy S7 and have it in Evidence. Mark Anthony Sarno identified himself to the Investigator over at Los Angeles County Public Defender's Office. Tell a different story. Testimony was Expanded up to convey the maximum impact for the prosecution untethered to any Actual facts. In fact, it was entirely false testimony, as Defendants knew or should Have Known.

27.    Defendant Detective Escalante's #448006  participated in the criminal Proceedings leading up to and including the trial. Defendant Detective Escalante's

#448006 knew that Deputy Luis Ochoa Jr. #617937 was testifying falsely

Given the stark contrast between his original statements and his preliminary hearing on

September 23, 2016 and the discrepancies between his testimony and other evidence

In the case. For example, Detective Escalante's #448006   knew the following

Testimony was false: On or about September 28, 2016 when Deputy Public Defender

Tara Marimieptri Served a subpoena deputy Sheriff Department. [There is no

Evidence for the court under the subpoena from the Sheriff department.]

## E. THE HABEAS PROCEEDINGS

28.    on November 21, 2017, Judge Mark Arnold of the Los Angeles

County Superior Court need Facts in the case and the facts is in place Mr. Thomas's

Conviction, based on Mr. Thomas's petition and the District Attorney's concession that

Deputy Luis Ochoa Jr. #617937 testimony was false. A copy of the transcript of the

September 23, 2016, hearing is attached as "Exhibit 1."

29.    The court also found that the additional misconduct from Defendants

Further prejudiced Mr. Thomas and resulted in her wrongful conviction. Based on

Accumulated errors at trial, the Court concluded that Mr. Thomas was denied due

Process and a fair trial, and that he was innocent. Exhibit "1,"

## E.  MONELL ALLEGATIONS

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES


DATE PRINTED: 02/02/18

-----------------------------------------------------------------
CASE NO. YA094365

THE PEOPLE OF THE STATE OF CALIFORNIA
                    VS.
DEFENDANT 01:  TITO ACE THOMAS

-----------------------------------------------------------------


INFORMATION FILED ON 10/07/16.

COUNT 01: 211 PC FEL
COUNT 02: 245(A)(4) PC FEL



ON 11/21/17 AT   830 AM   IN SOUTHWEST DISTRICT DEPT SWG

CASE CALLED FOR HABEAS CORPUS PETITION

PARTIES: MARK S. ARNOLD (JUDGE)   MARCIA BOUCHELION   (CLERK)
         NONE          (REP)   NONE   (DDA)

DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

     PETITION FOR WRIT OF HABEAS CORPUS BY TITO THOMAS, PRO SE
("PETITIONER").  NO APPEARANCE BY A RESPONDENT. DENIED.

     THE COURT HAS READ AND CONSIDERED THE PETITION FOR WRIT OF
HABEAS CORPUS FILED BY PETITIONER ON 11/16/17. THE PETITION IS
SUMMARILY DENIED FOR ALL OF THE FOLLOWING REASONS:


     ASSUMING THE FACTS ALLEGED IN THE PETITION ARE TRUE,
PETITIONER FAILS TO ALLEGE FACTS ESTABLISHING A PRIMA FACIE CASE
FOR HABEAS RELIEF.  (PEOPLE V. DUVALL (1995) 9 CAL.4TH 464, 474-
475.)

     FOR ALL OF THE FOREGOING REASONS, THE PETITION FOR WRIT OF
IS DENIED.

     THE CLERK IS ORDERED TO SERVE A COPY OF THIS MEMORANDUM
UPON PETITIONER, AND UPON THE DISTRICT ATTORNEY'S HABEAS CORPUS
LITIGATION TEAM, 320 WEST TEMPLE STREET, ROOM 540, LOS ANGELES,
CALIFORNIA 90012.

COPY OF MINUTE ORDER MAILED THIS DATE TO DEFENDANT VIA U.S. MAIL




                                    HABEAS CORPUS PETITION
                  PAGE NO.   1      HEARING DATE: 11/21/17

CASE NO. YA094365
DEF NO.   01                                    DATE PRINTED 02/02/18

TO:
TITO ACE THOMAS
P.O BOX 1814
HAWTHORNE, CA    90251
.
DISTRICT ATTORNEY'S OFFICE
HABEAS CORPUS LITIGATION TEAM
320 WEST TEMPLE STREET, ROOM 540
LOS ANGELES, CA    90012

COURT ORDERS AND FINDINGS:

-PETITION FOR WRIT OF HABEAS CORPUS IS DENIED.


NEXT SCHEDULED EVENT:
PROGRESS REPORT

HABEAS CORPUS PETITION
PAGE NO.    2        HEARING DATE: 11/21/17

Exhibit - 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT SW-2                          HON. VICTOR L. WRIGHT, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA,        .
                                         SUPERIOR COURT
                    PLAINTIFF,
                                         YA094365
     VS.

TITO A. THOMAS,

                    DEFENDANT.

REPORTER'S TRANSCRIPT OF PRELIMINARY HEARING

SEPTEMBER 23, 2016

APPEARANCES:

FOR THE PEOPLE:        JACKIE LACEY, DISTRICT ATTORNEY
                       BY:   MATTHEW PFEFFER, DEPUTY
                       CLARA SHORTRIDGE FOLTZ
                       CRIMINAL JUSTICE CENTER
                       211 WEST TEMPLE STREET
                       SUITE 200
                       LOS ANGELES, CALIFORNIA   90012


FOR THE DEFENDANT:     RONALD L. BROWN, PUBLIC DEFENDER
                       BY:   TARA MARIMPIETRI, DEPUTY
                       CLARA SHORTRIDGE FOLTZ
                       CRIMINAL JUSTICE CENTER
                       210 WEST TEMPLE STREET
                       SUITE 19-513
                       LOS ANGELES, CALIFORNIA   90012




HTA:  10/7/2016       ANTHONETTE M. DEAR, CSR NO. 9739
DEPARTMENT SW-G       OFFICIAL REPORTER
SEP 3 0 2016

CHRONOLOGICAL INDEX OF WITNESSES

| PEOPLE'S WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| DEPUTY LUIS OCHOA | 3 | 11 | 28 | |

E X H I B I T S

| DEFENSE | FOR IDENTIFICATION PG. | IN EVIDENCE PG. |
|---|---|---|
| A - PHOTO | 12 | |
| B - PHOTO | 13 | |
| C - PHOTO | 15 | |

CASE NUMBER:              YA094365

CASE NAME:                PEOPLE VS. THOMAS

INGLEWOOD, CALIFORNIA     FRIDAY, SEPTEMBER 23, 2016

DEPARTMENT SW-2           HON. VICTOR L. WRIGHT, JUDGE

REPORTER:                 ANTHONETTE M. DEAR, CSR #9738

TIME:                     A.M. SESSION

APPEARANCES:

        DEFENDANT PRESENT IN COURT AND

        REPRESENTED BY TARA MARIMPIETRI, DEPUTY

        PUBLIC DEFENDER; MATTHEW PFEFFER, DEPUTY

        DISTRICT ATTORNEY OF LOS ANGELES COUNTY,

        REPRESENTING THE PEOPLE OF THE STATE OF

        CALIFORNIA.

    THE COURT:  PEOPLE VERSUS TITO THOMAS, YA094365.
MR. THOMAS HERE IN COURT WITH COUNSEL MS. MARIMPIETRI.  FOR
THE RECORD, WE ALSO HAVE ANOTHER MATTER YA088037 MATTER;
IT'S AN OUT-OF-COUNTY PROBATION MATTER THAT'S ASSIGNED TO
THIS COURT.  MR. PFEFFER FOR THE PEOPLE.

    MR. PFEFFER:  YES, YOUR HONOR.

    THE COURT:  ARE YOU SUPERVISING OR DOING THIS ONE?

    MR. PFEFFER:  NO, JUST ME.

    THE COURT:  MATTER CALLED AT THIS TIME FOR THE
PRELIMINARY HEARING.  ON THIS MATTER, DEFENSE AND PEOPLE
ARE ANNOUNCING READY?

    MS. MARIMPIETRI:  YES.

    MR. PFEFFER:  YES.

THE COURT: THANK YOU. COURT WILL GRANT A MOTION TO EXCLUDE ANY WITNESSES. COUNSEL WANT TO CHECK TO SEE IF THERE ARE.

AND FOR PURPOSES OF THE PRELIMINARY HEARING, COUNSEL WAIVE READING OF THE COMPLAINT, STATEMENT OF RIGHTS, DENY ANY AND ALL ALLEGATIONS?

MS. MARIMPIETRI: YES.

THE COURT: THANK YOU. AND PEOPLE WISH TO CALL THEIR FIRST WITNESS?

MR. PFEFFER: YES. PEOPLE'S FIRST WITNESS IS DEPUTY OCHOA.

THE COURT: THANK YOU.


DEPUTY LUIS OCHOA,
CALLED AS A WITNESS ON BEHALF OF THE PEOPLE, WAS DULY
SWORN AND TESTIFIED AS FOLLOWS:


THE CLERK: PLEASE STAND AND RAISE YOUR RIGHT HAND.

DO YOU SOLEMNLY STATE THAT THE TESTIMONY YOU ARE ABOUT TO GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT SHALL BE THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, SO HELP YOU GOD?

THE WITNESS: YES.

THE CLERK: THANK YOU. PLEASE HAVE A SEAT IN THE WITNESS STAND.

PLEASE STATE AND SPELL YOUR NAME FOR THE RECORD.

THE WITNESS: LUIS, L-U-I-S, OCHOA, O-C-H-O-A.

THE CLERK: THANK YOU.

THE COURT:  THANK YOU.

MR. PFEFFER.

MR. PFEFFER:  THANK YOU.


                    **DIRECT EXAMINATION**

MR. PFEFFER:

    Q    GOOD MORNING, DEPUTY.

    A    GOOD MORNING.

    Q    HOW LONG HAVE YOU BEEN A PEACE OFFICER WITH L.A. COUNTY?

    A    A YEAR.

    Q    AND AS PART OF YOUR TRAINING, DID YOU COMPLETE A COURSE CERTIFIED BY THE PEACE OFFICER'S STANDARD AND TRAINING THAT INCLUDED CONDUCTING INVESTIGATIONS AND TESTIFYING AT PRELIMINARY HEARINGS?

    A    YES.

    Q    ON JUNE 11, 2016, AROUND 7:35 A.M., DID YOU GO TO NATIONAL UNIVERSITY IN LOS ANGELES, CALIFORNIA?

    A    YES.

    Q    AND WHEN YOU GOT THERE, DID YOU SPEAK TO A MARK SARNO?

    A    YES.

    Q    WHAT DID MR. SARNO TELL YOU HAPPENED THAT DAY?

    A    HE SAID THAT A BLACK MALE HAD ASSAULTED HIM AND TOOK HIS CELL PHONE.  HE SAID THAT HE WENT OUT TO GO ASK HIM TO LEAVE THE CAMPUS, AND HE TRIED TO TAKE A PICTURE OF THE BACK PLATE.

    Q    ALL RIGHT.  LET ME STOP YOU FOR A SECOND.  BECAUSE

I DON'T KNOW HOW MANY PEOPLE WE'RE TALKING ABOUT, EVERY TIME YOU SAY "HE" --

A    OKAY.

Q    -- WE DON'T KNOW WHO'S WHO.

SO MR. SARNO WAS ON CAMPUS, AND THEN WHAT DID HE TELL YOU HE NOTICED HAPPENING?

A    HE SAID THERE WAS A GUY WALKING AROUND, A SUSPECT --

Q    OKAY.

A    -- WALKING IN THE CAMPUS, AND HE SAW HIM COME OUT, BUT --

Q    WHO SAW WHO COME OUT?

A    THE VICTIM, MR. SARNO.

Q    MR. SARNO SAW THE PERSON WALKING AROUND COME OUT FROM WHERE?

A    FROM THE CAMPUS BUILDING.

Q    AND THEN WHAT DID MR. SARNO DO?

A    HE APPROACHED THE VEHICLE WHERE THE -- WHERE MR. TITO THOMAS ENTERED, AND HE ASKED HIM TO LEAVE THE CAMPUS.

Q    AND WHAT DID MR. SARNO TELL YOU WAS THE REACTION OF THE SUSPECT?

A    HE SAID HE WAS ANGRY AND HE TOLD HIM "NO."

Q    AND WHAT DID MR. SARNO DO AFTER THAT -- OR TELL YOU THAT HE DID AFTER THAT?

A    MR. SARNO SAID HE WENT TO THE BACK OF THE VEHICLE TO TAKE A PICTURE OF HIS LICENSE PLATE.

Q    DID MR. SARNO KNOW WHOSE VEHICLE THIS WAS?

30.    The actions and inactions of the Sheriff Department, set forth above, were Known, or should have been known, to Sheriff Department policy makers and occurred

With deliberate indifference to either the recurring constitutional violations elaborated

Above, and or to the strong likelihood that constitutional rights would be violated as a

Result of failing to train, supervise or discipline Sheriff Department officers in areas,

Including the suppression of Brady material and the avoidance of using false testimony

To convict criminal defendants, where the need for such training was obvious.

31.    The Sheriff Department's actions and omission as set forth above were a

Motivating force behind the violations of Plaintiffs' constitutional rights as set

Forth in this complaint.

32.    In 1989-1990, the Los Angeles County Grand Jury reviewed evidence

That the Los Angeles County District Attorney's Office and law enforcement

Throughout Southern California, including the LAPD, were in the practice of using

Informants to obtain false and fabricated confessions of criminal defendants. The

Pervasive use of these informants put in doubt many of the convictions obtained

By the Los Angeles County District Attorney's Office. The period of inquiry by

The Grand Jury spans from approximately 1979 to 1990, although there are

References to convictions as early as 1976. These practices continued through the

Time period material to this case. The use of false informants, presented without

Adequate vetting or investigation, by the Sheriff Department's was a long-standing

- 15 -
PLAINTIFFS' COMPLAINT

Widely known custom and practice that was a cause of the constitutional rights alleged In this case.

33.     Defendant City of Los Angeles and the Sheriff Department's had a duty To create a system in which information pertaining to informants, including Information bearing on the credibility of such informants, would be disseminated to Deputy district attorneys prosecuting cases in which the informant was to testify. The City of Los Angeles' failure to do so resulted in the Thomas case prosecutors, and in Turn the Thomas defense, having no access to essential impeachment information Undermining Deputy Luis Ochoa Jr. #617937 credibility prior to Ms. Thomas's Conviction or for one year after the conviction as Ms. Thomas attempted to have his Wrongful conviction overturned.

34.     Plaintiff is informed and believes that based on the City's failure to Create a system in which information pertaining to informants would be shared Among personnel, would be able to be accessed by personnel, and would be shared With Deputy District Attorneys prosecuting the case in which the informant was to Testify, and the failure to train Sheriff Department's personnel to disseminate Information pertaining to informants, the City of Los Angeles had a pattern and Practice of permitting informants to testify falsely at trial without producing critical Exculpatory and impeachment evidence.

35.     Plaintiff is informed and believes that based on the City's failure to

Create a system in which information pertaining to informants would be provided To Deputy District Attorneys prosecuting the case in which the informant was to Testify, and their failure to train and supervise Sheriff Department's personnel to Disseminate information, including impeachment evidence, pertaining to informants to Deputy District Attorneys prosecuting the case in which the informant was to testify, The City of Los Angeles has a pattern and practice of using unreliable testimony of Informants to secure criminal convictions, knowing that such testimony was false, Or made in reckless disregard to the falsity of the informant's testimony. In Addition, the Sheriff Department's has no system for informing prosecutors or the Defense when it subsequently discovers information about the falsity of the evidence Used to convict a criminal defendant, thus allowing innocent persons to languish in Prison for years or decades.

## F.  PARTICIPATION, STATE OF MIND AND DAMAGES

36.    All Defendants acted under the color of law.

37.    Each Defendant participated in the violations alleged herein, or directed The violations alleged herein, or knew of the violations alleged herein and failed to act To prevent them. East Defendant ratified, approved and acquiesced in the violations Alleged herein.

38.    As joint actors with joint obligations, each defendant was and is Responsible for the failures and omission of the other.

39.    Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiffs' rights.

40.    Each Defendant acted with a deliberate indifference to or reckless Disregard for an accused's rights for the truth in withholding evidence from Prosecutors, for an investigation free of active concealment of material facts, And/or for the Plaintiffs' right to due process of law.

41.    As a direct and proximate result of the these acts, omissions, customs, Practices, policies and decisions of the Defendants, Plaintiffs have suffered great Mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, Humiliation, indignity, embarrassment, harm to reputation, and apprehension, Which have caused Plaintiffs to sustain damages in a sum to be determined at trial?

42.    Due to the acts of the Defendants, Plaintiffs have suffered, continue To suffer, and are likely to suffer extreme and severe mental anguish, as well as Mental and physical pain and injury, in the future. For such injuries, Plaintiffs will Incur significant damages bases on psychological and medical care.

43.    as a further result of the conduct of each of these Defendants, Plaintiffs have lost past and future earnings in an amount to be determined According to proof at trial.

44.    as a further result of the conduct of each of these Defendants, Plaintiffs have been deprived of familial relationships, including not being able to

Keep a home or his family together.

45.     Defendants' acts and omissions, and each of them, was willful, Wanton, malicious, oppressive, in bad faith and done with reckless disregard or With deliberate indifference to the constitutional rights of the Plaintiff entitling Plaintiff to exemplary and punitive damages from each defendant other than Defendant City of Los Angeles in an amount to be proven at trial of this matter.

46.     By reason of the above described acts and omission of Defendants, Plaintiff was required to retain an attorney to institute and prosecute the within Action, and to render legal assistance to Plaintiffs that he might vindicate the loss And impairment of his rights, and by reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF CIVIL RIGHTS –**
**42 U.S.C. § 1983 – BRADY VIOLATIONS**

**(Plaintiff Thomas against Defendants Detective Escalante's #448006 , Deputy Luis Ochoa Jr. #617937 and Does 1-10)**

47.     Plaintiff alleges paragraphs 1-46, as well as any subsequent Paragraphs in the Complaint, as if fully set forth herein.

48.     Defendants Detective Escalante's #448006 and Deputy Luis Ochoa Jr. #617937 and Does 1-10, while acting under color of law, deprived Plaintiff of his Civil rights, by violating his right to have material exculpatory evidence and

Information as require by Brady v. Maryland, 373 U.S. 83 (1963) ("Brady Information") turned over to the prosecutors handling the prosecution of Mr. Thomas So that it could in turn be provided to the Thomas defense.

49. The actions of each defendant in withholding evidence from Prosecutors were done with deliberate indifference to or reckless disregard for Plaintiff's rights or for the truth.

50. The Brady violations asserted herein encompass, but are not limited To:

a. The fact that National University informed Defendant Detective Escalante's #448006 that Mark Anthony Sarno was a liar and was a completely Unreliable witness.

b. The fact that Mark Anthony Sarno lied when he said he was Working as an employee at the National University.

c. The fact that Mark Anthony Sarno had repeatedly changed his story from the first time he met Investigator Galen Murakawa and Defendant Detective Escalante's #448006, Deputy Luis Ochoa Jr. #617937 to his preliminary hearing on September 23, 2016.

d. The fact Kurt Bierschenk said he work with him on August 23,2016 and Pablo Fabian staff Attorney for National University System said in a letter that Mark Anthony Sarno work for Kota Commercial Assets, LLC not National University he lied.

51. The constitutional source of the obligation to provide Brady information is primarily the due process clause of the Fifth and Fourteenth Amendments, and Plaintiff's due process rights were violated by the conduct alleged herein. Plaintiff brings this claim as both a procedural and a substantive due process violation. To the extent that any court were to conclude that the source of Plaintiff's right to Brady information is a constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

52. Defendants Detective Escalante's #448006 and Deputy Luis Ochoa Jr. #617937 and the other Doe defendants were each jointly and severally responsible to provide Brady information to the prosecutors handling the Thomas case so that it could in turn be provided to the Thomas defense. Each engaged in, knew or should have known of the unconstitutional conduct alleged herein and failed to prevent it, which each had a responsibility to do, and each ratified, approved, or acquiesced in it.

53. As a result of the defendants', and each of their, violations of Mr. Thomas's constitutional rights to have Brady information turned over to the prosecutors handling his case, Mr. Thomas was damaged as alleged above.

PLAINTIFFS' COMPLAINT

# SECOND CLAIM FOR RELIEF
## JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS – 42. U.S.C. § 1983 – *BRADY* VIOLATIONS

### (Plaintiff Thomas against Defendants Escalante's, Ochoa, and Does 1-10)

54.   Plaintiff realleges paragraphs 1-53, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

55.   Defendants Escalante, Ochoa and Does 1-10 were jointly and severally responsible as investigators assigned to the Thomas case to share material information with each other, and to ensure that Brady information was turned over to the prosecutors handling the Thomas case.

56.   Defendants Escalante, Ochoa, and Does 1-10, acting under color of state law, acted in concert, conspired and agreed to deprive Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States, in particular the right to have Brady information of which they were aware provided to the prosecutors prosecuting the Thomas case, as elaborated above. Each failure to provide Brady information, as well as other actions related to them, constitutes an overturn act in furtherance of said conspiracy.

57.   Alternatively, as joint actors with joint obligations, each of them was and is responsible for the failures and omissions of each other.

58.   As a result of defendants', and each of their, violations of Mr. Thomas's constitutional right to have Brady information turned over to the

prosecutors handling this case, Mr. Thomas was damaged as alleged above.

**THIRD CLAIM FOR RELIEF**
**DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 –**
**DELIBERATE INDIFFERENCE TO CONSTITUTIONAL**
**RIGHT IN REFUSAL TO INVESTIGATE OBVIOUS EVIDENCE**
**DEMONSTRATING MR. THOMAS'S INNOCENCE**
(Plaintiff Thomas against Defendants Escalante, Ochoa and Does 1-10)

59.     Plaintiff realleges paragraphs 1-58, as well as any subsequent paragraphs contained in the Complaint, as if furry set forth herein.

60.     Defendants Escalante, Ochoa and Does 1-10, were jointly and severally responsible as investigators assigned to the Thomas case to share material information with each other, and to ensure that witnesses did not give false testimony at Mr.. Thomas's trial. Instead, Defendants suppressed all information that would undermine the credibility of Mark Anthony Sarno at trial and intentionally refused to investigate and implicate the hate crime and attack against, the person actually involved in the Thomas assaulted at Nationl University Campus, in order to preserve his testimony in another case. Defendants deliberately turned their backs on the truth in order to convict an innocent person.

61.     Defendants Escalante, Ochoa, and Does 1-10, acting under color of state law, acted in concert, conspired and agreed to deprive Plaintiff of rights, privileges, or immunities secured by the Constitution and law of the United States.

Each act of improper influence, as well as other actions related to them, constitutes an overt act in furtherance of said conspiracy.

62.    Alternatively, as joint actors with joint obligations, each of them was and is responsible for the failures and omissions of each other.

63.    As a result of defendants', and each of their, violations of Mr. Thomas's constitutional right not to be convicted based on false evidence, Mr. Thomas was damaged as alleged above.

## FOURTH CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS –
## 42 U.S.C. § 1983 – FALSE EVIDENCE VIOLATIONS
### (Plaintiff Thomas against Defendants Escalante, Ochoa and Does 1-10)

64.    Plaintiff realleges paragraphs 1-63, as well as any subsequent paragraphs contained in the Complaint, as if furry set forth herein.

65.    Defendants Escalante, Ochoa and Does 1-10, while acting under color of law, deprived Plaintiff of his civil rights, more particularly, his right to due process of law, by providing false evidence in reports and statements outside of live testimony, improperly influencing witnesses and fabricating and concealing evidence, that resulted in depriving Mr. Thomas of liberty because they set in motion a reasonable foreseeable chain of events that led to the presentation of false evidence at Plaintiff's 2016 criminal trial, his conviction and incarceration.

66.     Each defendant knew or should have known the evidence was false, and the defendant's conduct was done with deliberate indifference to and/or reckless disregard of Plaintiff's rights or for the truth.

67.     In particular, Defendants knew that this person, Mark Anthony Sarno, was the most likely other participant on Campus Assaulted and they suppressed this information and directed their investigation away from Sarno's complicity and at the same time suppressed essential information undermining the credibility of Tito A. Thomas. Defendants knew that by orchestrating their investigation in this way they were convicting an innocent person, Tito Thomas, for a Assaulted when he was protecting himself from Mark Anthony Sarno attack.

68.     Defendants Escalante, Ochoa and Does 1-10 knew, or should have known, that evidence used to convict Tito Thomas, was false, and that the witness was providing false evidence.

69.     The constitutional source against using false evidence is primarily the due process clause of the fifth and fourteenth Amendments, and Plaintiff's due process rights were violated by the conduct alleged herein. Plaintiff brings this claim as both a procedural and a substantive due process violation. To the extent that any court were to conclude that the source of Plaintiff's right to eyewitness identifications free from improper suggestion or influence, right to be free from constitutional source other than due process (such as the Fourth Amendment or

PLAINTIFFS' COMPLAINT

Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

70.     Defendants Escalante, Ochoa and the other Doe defendants were each jointly and severally responsible to not use false evidence against Mr. Thomas. Each engaged in, knew or should have known of the unconstitutional conduct alleged herein and failed to prevent it, which each had a responsibility to do, and each ratified, approved or acquiesced in it.

71.     As a result of the defendants', and each of their, violations of Mr. Thomas's constitutional right to not have false evidence turned over to the prosecutors handling this case and ultimately to the defense, Mr. Thomas was damaged as alleged above.

### FIFTH CLAIM FOR RELIEF
### JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS – 42 U.S.C. § 1983 – FALSE EVIDENCE VIOLATION
### (Plaintiff Thomas against Defendants Escalante, Ochoa and Does 1-10)

72.     Plaintiff realleges paragraphs 1-71, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

73.     Defendants Escalante, Ochoa and Does 1-10, were jointly and severally responsible as investigators assigned to the Thomas case to not use false evidence.

74.     Defendants Escalante, Ochoa and Does 1-10, acting under color of state law, acted in concert, conspired and agreed to deprive Plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United

PLAINTIFFS' COMPLAINT

States, in particular the right not to have false evidence used in the Thomas case, as elaborated above. The use of false evidence, as well as other actions related to the use of such evidences, constitutes an overt act in furtherance of said conspiracy.

75. Alternatively, as joint actors with joint obligations, each of them was and is responsible for the failures and omission of each other.

76. As a result of defendants', and each of their, violations of Mr. Thomas's constitutional rights to not have false evidence used against him, Mr. Thomas was damaged as alleged above.

### SIXTH CAUSE OF ACTION
### DEPRIVATION OF CIVIL RIGHTS
### 42 U.S.C.§ 1983, SUPERVISORIAL LIABILITY
### (Plaintiff Thomas against Defendant Escalante and Ochoa Does 1-10)

77. Plaintiff realleges paragraphs 1-76, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

78. During the Course and scope of the Thomas investigation, Defendant Escalante was supervised on the Thomas investigation by Defendant Ochoa. Defendant Escalante was an experienced detective, and was obligated to ensure that Defendant Escalante properly performed his duties as an investigator, which would also include ensuring that Mr. Thomas's constitutional rights were protected.

79. During the entirety of the investigation of this case, Defendant Escalante, was Defendant Ochoa's supervisor, partner and trainer. Upon information and belief, Defendant Escalante and Doe supervisors within the Los

Angeles Sheriff's Department who were responsible for monitoring Defendant Escalante's performance and conduct as a Detective in this investigation, were on notice of he lack of experience and training as an investigator Detective and failed to take adequate steps to correct it through training or supervision.

80.    Upon information and belief, Defendant Ochoa received minimal discipline, training, and supervision, which level was grossly insufficient to address the inept, inadequate and deceitful investigation conducted in the Thomas case.

81.    The inept inadequate and deceitful investigation was a highly predictable or plainly obvious consequence of the inadequate training and lack of meaningful control or supervision of Defendant Ochoa.

82.    Defendant Ochoa and Escalante supervisors 6-10, acting within the course and scope of their employment, had a duty to assure the competence of their employee/agents, including Defendant Escalante and Does 6-10, but breached their duty and were deliberately indifferent to the constitutional rights of persons in Plaintiffs' position in the performance of their duties by selecting, training, reviewing, supervising, failing to supervise, failing to control, evaluating the competency and retaining Defendant Ochoa and other employee/agents. This breach of duty of careful selection, training, review, supervision, periodic evaluation of the competency, and retention of such law enforcement officers and/or employees and/or agents created an unreasonable risk of harm to persons

such as Plaintiff.

83.    Defendant Escalante, and Jose Rojas supervisors 6-10 knew or should have known that Defendant Ochoa was unfit and/or incompetent to investigate the Assault due to his lack of experience unfitness and/or incompetence created a particular risk to others. The actions and omissions of Defendant Escalante and Jose Rojas supervisors 6-10 in the supervision and training of Defendant Ochoa was a substantial factor in the harm caused to Plaintiff by Defendant Ochoa.

84.    Defendant Escalante, and Jose Rojas supervisors 1-10 breached their duty to observe, report, monitor and control the investigation by Defendant Ochoa and other employee/agents.

85.    As a direct and legal result of these actions and omissions by Defendant Escalante, and Rojas supervisors 1-10, and each of them, and as a result of their breach of duty to Plaintiff, Plaintiff suffered the damages as alleged herein.

**SEVENTH CAUSE OF ACTION**
**DEPRIVATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983, VIOLATION OF FOURTEENTH AMENDMENT RIGHTS**
**(Plaintiffs' Tito Thomas, Thomas Family against Defendants Escalante and Ochoa and Rojas Does 1-10)**

86.    Plaintiff realleges paragraphs 1-85, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

87.    Defendants Escalante, Ochoa and Rojas 1-10, acting under color of state law, acted in concert, conspired and agreed to deprive Plaintiff of rights,

privileges, or immunities secured by the Constitution and laws of the United States, in particular the right not to have false evidence used in the case against their Thomas family, Thomas, as elaborated above, or to suppress crucial Brady evidence demonstrating that the prosecution's only witness against Thomas, Mark Anthony Sarno, was unworthy of belief on any issue.

88.    In committing these actions and omissions Defendants acted, at a minimum, with deliberate indifference to the constitutional rights of these Plaintiff Tito A. Thomas and Thomas's Family was lied on and hurt by the Defendant Escalante and others knew to be involved in the Thomas attack but chose to shield from justice for their own purposes.

89.    As a direct and legal result of the above-described actions taken by Defendant Escalante and other defendants Plaintiffs Tito Thomas, Thomas family were damaged by losing their parent-child relationship with their son for more than 1 year.

## EIGHTH CAUSE OF ACTION
## DEPRIVATION OF CIVIL RIGHTS –
## 42 U.S.C. § 1983 – MONELL VIOLATIONS
### (All Plaintiffs against Defendant City of Los Angeles)

90.    Plaintiff realleges paragraphs 1-89, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

91.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant City of Los Angeles, and Does 1-10, with

- 30 -
PLAINTIFFS' COMPLAINT

deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, engage in the unconstitutional conduct and omission as set forth in this complaint, which consist of the following customs and/or policies:

A. The knowing presentation of false evidence by officers;

B. The deliberately indifferent presentation of false evidence by officers;

C. The presentation of false evidence by deputies in reckless disregard for the truth or the rights of the accused;

D. Officers' failure to provide exculpatory evidence to prosecutors trying the case involving the criminal defendant;

E. Failing to adequately train, supervise and control its officers to disclose to the deputy district attorney prosecuting a defendant all exculpatory and impeachment information, including Giglio v. United States, 405 U.S. 150 (1972) and Brady information, which would include deals informants received for testifying in a case; alternative theories which would support the defense; the disclosure of witnesses who could not identify the defendants; and impeachment information concerning the witnesses;

F. Failing to adequately discipline officers involved in dishonesty or otherwise abusing their authority;

G. Condoning and encouraging officers in the belief that they can violate the rights of person such as Mr. Thomas with impunity, and that such conduct will not adversely affect their opportunities for promotion and employment benefits; and;

H. Condoning and encouraging the fabrication of evidence including but not limited to the filing of materially false Sheriff's reports, concealing material evidence and improperly influencing witnesses, the use of techniques to influence eyewitness identifications, and/or making false statements to the prosecutor to obtain the filing of false charges and obtaining false convictions.

92.    The actions and inactions of the Los Angeles Sheriff's Department set forth in this complaint, were known or should have been known to the policy makers responsible for the Sheriff's and occurred with deliberate indifference to

either the recurring constitutional violations elaborated above, and or the substantial likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

93.    Defendant City of Los Angeles' actions as set forth above were a motivating force behind the violations of Plaintiffs' rights as set forth in this Complaint.

94.    As a direct and proximate result of Defendant City of Los Angeles' acts and omissions, condoning, encouraging, ratifying and deliberately ignoring the pattern and practice of Defendants Escalante and Ochoa and other Sheriff Deputy Plaintiff has yet to identify, Plaintiffs sustained injury and damage.

95.    As a result of each of Defendants violations of Plaintiffs' constitutional rights, as set forth herein, Plaintiffs sustained injury and damage.

WHEREFORE, Plaintiffs request relief as follows, according to proof, against each Defendant:

1. General and compensatory damages in an amount according to proof;
2. Special damages in an amount according to proof;
3. Exemplary and punitive damages against each Defendant, except the City of Los Angeles, in an amount according to proof.
4. Such other and further relief as may be just and proper.

PLAINTIFFS' COMPLAINT

Respectfully submitted,

DATED: February 7, 2018                    TITO A. THOMAS

                                           By: _____

PLAINTIFFS' COMPLAINT

## JURY DEMAND

A trial by jury of all issues triable to a jury is hereby demanded.

Respectfully submitted,

DATED: February 7, 2018          TITO A. THOMAS

By: _Tito A. Thomas_

- 34 -
PLAINTIFFS' COMPLAINT

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Tito Ace Thomas
Thomas Family

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

County of Los Angeles
Escalante, Luis Ochoa Jr. Salvatore Marcua
Jose Rojas And unknown Does 1-18 Inclusive,

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

P.O. Box 1814
Hawthorne, CA 90251

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

Complaint for Damage

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint For Damages: Deprivation of Civil Rights.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☒ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: LACV18-01039

CV-71 (05/17)  CIVIL COVER SHEET  Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☒ Yes ☐ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☒ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the | If "yes," your case will initially be assigned to the |
| SOUTHERN DIVISION. | EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☐ NO   ☒ YES

If yes, list case number(s):   __YA094365__

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☐ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: **2-7-2018**

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |